IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | Magistrate No. 26-1304 |
| v. | (18 U.S.C. § 922(g)(1)) |
| ROYTAVIS CHAMBLISS | |

## AFFIDAVIT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS IN SUPPORT OF CRIMINAL COMPLAINT

I, Federal Bureau of Investigation Special Agent Samantha Keener, having been duly sworn, depose and state as follows:

### I.    PURPOSE OF THIS AFFIDAVIT AND AGENT BACKGROUND

1.    This Affidavit is made for the limited purpose of establishing probable cause in support of a Criminal Complaint that on or about August 7, 2026, in the Western District of Pennsylvania, the defendant, ROYTAVIS CHAMBLISS ("CHAMBLISS") did violate Title 18, United States Code, Section 922(g)(1), by unlawfully possessing a firearm as a felon.

2.    Unless otherwise specified, all dates set forth below are "on or about" the dates indicated, and all amounts or sums are approximate.  Additionally, unless otherwise noted, whenever in this affidavit I assert that a statement was made by an individual, that statement is described in substance, and in part, and is not intended to be a verbatim recitation of the entire statement.

3.    I am a Special Agent ("SA") of the United States Department of Justice, Federal Bureau of Investigation ("FBI"), and have been so employed since September 2021. Since February 2022, I have been assigned to the Pittsburgh Division. During that time, I have become familiar with methods and techniques associated with investigations into organized crime, drug trafficking, gangs, and violent crimes. My experience as an FBI Special Agent has included

investigations of cases involving drug crimes, firearms violations, and I have enforced federal laws prohibiting these offenses.

4.      As a Special Agent with the FBI, I am an "Investigative or Law Enforcement Officer" of the United States within the meaning of Title 18, United States Code, Section 2510(7); that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516.

5.      I have been involved in many narcotics-related arrests and the service of many narcotics-related search warrants. I have handled cooperating sources of information who were involved in narcotics acquisition and/or trafficking. In addition, I have reviewed thousands of communications between drug traffickers as a result of my participation in multiple wiretap investigations.  As a result of my narcotics-related training and experience, I am familiar with the methods and language used to distribute narcotics, to launder proceeds, and to operate drug-trafficking conspiracies.

6.      This affidavit is based not only on my personal knowledge, but the knowledge of other law enforcement officers I have communicated with.  In support of this, your affiant states the following:

## II.    PROBABLE CAUSE

7.      On Monday, August 6, 2026, United States Magistrate Judge Christopher Brown issued sealed search warrants for a residence utilized by **CHAMBLISS**: 400 Superior Ave., B308, Aliquippa, PA 15001 ("Search Location 3"), along with a search warrant for **CHAMBLISS**'s person**,** to search those locations (amongst others) for evidence of violations of 21 U.S.C. §§ 841 & 846 and 18 U.S.C. §§ 922(g)(1) and 924(c) (including firearms, ammunition, suspected narcotics, etc.).

8.    I believe that **CHAMBLISS** utilizes Search Location 3 and unlawfully possessed the Smith & Wesson, Kel-Tec, and Ruger pistols found therein, based on the facts set forth in this affidavit.

9.    A tenant list obtained by the Aliquippa Police Department identifying residents of the Valley Terrace Apartments, revealed that **CHAMBLISS** is associated with Search Location 3 through May 2026. I have queried Pennsylvania Department of Transportation (PennDOT) records and learned that **CHAMBLISS**'s Pennsylvania driver's license identifies Search Location 3 as his residence address.  Open-source database information (e.g., Experian) associates **CHAMBLISS** with Search Location 3. And finally, agents have surveilled **CHAMBLISS** accessing Search Location 3 between July and August 2026 in a manner consistent with an occupant or resident thereof.

10.    On the morning of August 7, 2026, law enforcement executed the search warrants at Search Location 3. Immediately inside **CHAMBLISS** was seen sleeping on a couch in the living room.

11.    Within the living room, there was a closet approximately four feet away from **CHAMBLISS**.

12.    Inside that closet were three firearms:

    a.    A loaded Smith & Wesson revolver bearing serial number 12K7621;

    b.    A loaded Kel-Tec sub2000 pistol bearing serial number 24E4A54; and

    c.    A disassembled 9mm Ruger pistol bearing serial number 457-37118.

13.    The loaded Smith & Wesson revolver was directly on top of a wallet containing **CHAMBLISS**'s Pennsylvania driver's license, and U.S. Currency.

14. Agents advised **CHAMBLISS** of his Miranda Rights. **CHAMBLISS** waived his rights and agreed to speak with law enforcement officers.

15. In that conversation, **CHAMBLISS** admitted to possessing the Smith & Wesson revolver and Ruger pistol.

16. **CHAMBLISS** said he resides at Search Location 3 most of the time.

17. Also inside the residence were four other individuals – three approximately grade-school aged children or younger, and an adult female.

18. Law enforcement spoke with the adult female, who stated **CHAMBLISS** does reside at Search Location 3.

19. While searching the rest of Search Location 3, law enforcement found:

a. In the living room:

i. title to a vehicle in **CHAMBLISS**'s name with Search Location 3 listed as the address;

b. In the kitchen

i. a coffee mug containing white residue. A NIK kit was used to test the residue, which yielded a presumptive positive for cocaine;

ii. a large digital scale, commonly used to weigh human-beings, with similar white residue on top;

c. In the upstairs bedroom:

i. a gun safe containing a large amount of U.S. Currency, an expired Pennsylvania driver's license with **CHAMBLISS**'s name on it, and a health insurance card bearing **CHAMBLISS**'s name;

ii. gun box with pistol magazines, and box of ammunition inside; and

4

iii.       Empty stamp bags with white residue inside.

20.    **CHAMBLISS** gave consent to search his cell phone, telephone number (724) 622-9768, and unlocked the cell phone using a numeric code. Inside that cell phone, law enforcement observed:

a.    communications consistent with **CHAMBLISS** distributing controlled substances namely cocaine and heroin/fentanyl;

b.    communications regarding firearms;

c.    pictures of multiple firearms not found at Search Location 3 but seemingly in **CHAMBLISS**'s hands based on his distinct tattoos;

d.    a picture of **CHAMBLISS** holding the aforenoted Ruger pistol's receiver; and

e.    a stand-alone photograph of the aforenoted Smith & Wesson revolver.

21.    CHAMBLISS admitted to knowing he was a felon and that he knew he was not allowed to possess firearms.

22.    CHAMBLISS has felony convictions for:

a.    Criminal Trespass (F2)[1] at CP-04-CR-0001540-2005 on November 2, 2005, for which he received a sentence of three to 23.5 months of incarceration, and three years of probation;

b.    Aggravated Assault (F1)[2] at CP-04-CR-0002017-2005 on January 25, 2006, for which he received a sentence of four to eight years of incarceration, and two years of probation, then violated his probation and received another four to eight years of incarceration;

---

[1] 18 Pa.C.S. § 3503(a)(1)(ii).
[2] 18 Pa.C.S. § 2702(a)(1).

c.        Aggravated Assault on an Enumerated Person (F2)[3] at CP-04-CR-0000196-2006 on January 30, 2006, for which he received a sentence of 18 to 36 months of incarceration; and

d.        Firearms Not to be Carried Without a License (F3)[4] at CP-04-CR-0000110-2015 on May 4, 2015, for which he received a sentence of three to six years of incarceration.

### III.   CONCLUSION

23.     CHAMBLISS is a felon based on four previous felony convictions described in paragraph twenty-two, above. CHAMBLISS knew he was a felon based on the length of incarceration he served for those convictions and his own admission. CHAMBLISS admitted to possessing the Smith & Wesson revolver bearing serial number 12K7621, the Kel-Tec sub2000 pistol bearing serial number 24E4A54 and the 9mm Ruger pistol bearing serial number 457-37118, which are firearms.

24.     I have confirmed with an expert that the Smith & Wesson revolver bearing serial number 12K7621, the Kel-Tec sub2000 pistol bearing serial number 24E4A54 and the 9mm Ruger pistol bearing serial number 457-37118 were not manufactured in Pennsylvania and therefore traveled in or affected interstate commerce.

25.     WHEREFORE, I respectfully request that a Complaint issue charging CHAMBLISS with a violation of 18 U.S.C. § 922(g)(1) for conduct occurring on August 7, 2026, in the Western District of Pennsylvania.

---

[3] 18 Pa.C.S. § 2702(a)(3).
[4] 18 Pa.C.S. § 6106(a)(1).

The above information is true and correct to the best of my knowledge, information, and belief.

/s/ *Samantha Keener*
Samantha Keener
Special Agent
Federal Bureau of Investigation

Sworn and subscribed before me,
by telephone pursuant to
Fed. R. Crim. P. 4.1(b)(2)(A),
this 7th day of August 2026.

_____
HONORABLE CHRISTOPHER BROWN
United States Magistrate Judge
Western District of Pennsylvania